# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DEIMOND DONERSON
PLAINTIFF.

CIVIL ACTION No:

RECEIVED
15 SEP 14 PM 12: 37
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
OF TN, MEMPHIS

DRENEL D. FOX, INDIVIDUALLY, AND OFFICIAL COMPACITY, IBM #2793
ROBBERY DIVISION-OF THE MEMPHIS
POLICE DEPARTMENT; CITY OF
MEMPHIS, A TENNESSEE MUNICIPAL
CORPORATION, SGT M. FAIR, IBM # 2793
INDIVIDUALLY, AND OFFICIAL COMPACITY
AS POLICE OFFICER-ROBBERY DIVISION
DEFENDANTS.

## PETITION · FOR · SUIT @ LAW.
### · FOR VIOLATION · OF · THE · CIVIL · RIGHTS · ACT · OF 1871
### UNDER 42. USCA §§ 1983, 1985 (3)

THE FOLLOWING IS A SUIT BROUGHT UNDER SECTION 1983, 1985 OF TITLE 42 UNITED STATES CODE, WHICH PROVIDES FOR CIVIL ACTION FOR DEPRIVATION OF RIGHTS. COMES NOW THE PETITIONER PRO SE, AND PURSUANT TO UNITED STATES CONSTITUTION UNDER THE FOURTH, FIFTH, AND FOURTEEN TH AMENDMENTS. THE TENN ESSEE CONSTITUTION: ARTICLES I. SECTIONS VII, VIII, IX. AND WHO WOULD SHOWCASE FOR THIS HONORABLE COURT THE EERADICATION OF HIS AFOREMENTIONED RIGHTS, WHICH SUBSEQUENTLY HAS ERODED HIS CIVIL RIGHTS AS WELL. THESE DEPRIVATIONS HAS BEEN TAINTED BY STATE OFFICERS, WHO WERE OPERATING UNDER THE COLOR OF STATE LAW, IN THEIR INDIVIDUAL AND OFFICIAL COMPACITIES. PRESENT PROB- ABLE CAUSE, GOOD FAITH-BUT WITH MALICE PRESENT DEVISED A PLAN TO DEPRIVE PLAINTIFF OF HIS RIGHTS, THE CONSPIRATORIUM OBJECTIVES OF OFFICERS DRENEL D. FOX IBM # 2793. AND M. FAIR #2783 BOTH EMPLOYED BY THE MEMPHIS POLICE DEPARTMENT, A TENN- ESSEE MUNICIPAL CORPORATION.

I.

THIS HAS CAUSED PLAINTIFF TO SUFFER A[N] IRREPAIR ABLE INJURY IN THE MANIFESTATION OF FORTY-FIVE (45) MONTHS OF INCARCERATION. PLAINTIFF ASCERTAINS THERE HAS BEEN A[N] ABUSE OF A LEGITIMATE LEGAL PROCESS. IN SUPPORT OF HIS SUIT HE WILL DISPLAY THE FACTS IN WHICH THERE HAS BEEN FRAUD, AND OTHER IMPROPRIETIES IN HIS PROSECUTION THATS IRREFUTABLE, UNCONSCIONABLE, AND REBUTS THE PRIMA·FACIE PROBABLE CAUSE ARISING FROM THE FACT HE WAS INDICTED BY THE GRAND JURY. THESE ABRIDGEMENTS HAS PROCEEDED PLAINTIFFS' FALSE ARREST, IMPRISONMENT, MALIC~ IOUS PROSECUTION IN THE PERPETUATION OF A[N] CONSPIRACY. THE WILLFUL AND WANTON NEGLECT OF HIS AFOREMENTIONED CONSTITUTIONAL, AND CIVIL RIGHTS CONSEQUENTLY HAS SHOCKED THE SOCIAL CONSCIENCE.

# AVERMENTS

## COUNT   I. THE ARREST[S]

### A. FINDINGS OF FACT

[1] AT OR ABOUT 11:00 AM ON SUNDAY NOVEMBER 6, 2011 MEMPHIS POLICE ACTING ON FALSE ACCUSATIONS AND RUMORS THAT WARES WHICH WERE PROCURED FROM THE HOME OF A VICTIM OF AN ALLEGED ROBBERY WERE AT PLAINTIFFS HOME, AND PROCEEDED TO THE HOME OF PLAINTIFF FOR AN SEIZURE, SEARCH, AND INQUISITION. OFFICERS WERE ACTING ON ORDERS FROM SGT. DRENEL, D. FOR THEY ARRIVED AT PLAINTIFFS HOME, AND KNOCKED ON DOOR. PLAINTIFF WAS IMMEDIATELY SEIZED AND SEARCHED WHEN HE OPENED HIS DOOR. THERE HIS HOME WAS THOROUGHLY SEARCHED. TAKEN FROM HOME WAS HE, AND PLACED IN POLICE CRUISER AND INTERROGATED ABOUT CRIMES WHICH ALLEGEDLY OCCURRED ON NOVEMBER 5, 2011. PLAINTIFF DENIED INVOLVEMENT, AND PROFESSED HIS INNOCENCE.

II.

FROM THERE PLAINTIFF WAS TRANSPORTED TO DET. FOX OFFICE TO PROVIDE AN EXCULPATORY STATEMENT; PRIOR TO THE INTERROGATION HE WAS NOT ADVISED OF RIGHTS BUT WAS INSTEAD ASKED ABOUT THE DAY AND TIME IN QUESTION, AND WHO COULD VERIFY HIS WHEREABOUTS. HE PROVIDED AN ALIBI FOR THE DAY AND TIME IN QUESTION AND SUBMITTED A HAND WRITTEN STATEMENT; THEREAFTER PLAINTIFF WAS PRESENTED WITH AN ADVICE OF RIGHTS FORM/WAIVER-IN WHICH HE SIGNED. DETECTIVE FOX ENTERED THE TIME ON THE FORM TO GIVE THE APPEARANCE OF A VOLUNTARY WAIVER. PLAINTIFF ASCERTAINS HIS WAIVER WAS NOT MADE KNOWINGLY, INTELLIGENTLY or VOLUNTARILY. CONSEQUENTLY PLAINTIFFS' EXCULPATORY STATEMENT WAS DESTROYED BY FOX PROCEEDING HIS RELEASE FROM CUSTODY. [2] ON MONDAY-NOVEMBER 7, 2011 AT OR ABOUT 9:00 P.M. PLAINTIFF CALLED FOX TO INQUIRE INTO ANY NEW DEVELOPMENTS INTO CASE; THAT'S WHEN FOX DECLARED THERE HAD BEEN A WARRANT ISSUED FOR HIS ARREST, SO PLAINTIFF RELAYED HIS WHEREABOUTS TO FOX, AND AT 9:30 P.M. HE WAS ARRESTED BY UNIFORM PATROL AND TRANSPORTED TO FOX'S OFFICE FOR MORE INTERROGATION. THE SESSION BEGAN AT OR AROUND 11:04 P.M. PRIOR TO THIS INTERROGATION, PLAINTIFF

III.

WAS NOT ADVISED OF HIS RIGHTS, OR GIVEN A FORM TO READ ALOUD WITH THE MIRANDA RIGHTS APPENDED THERTO, BUT WAS IMMEDIATELY LEG CUFFED, AND INTERROGATED AGAIN ABOUT CRIMES THAT OCCURED ON NOVEMBER 5, 2011. PLAINTIFF GAVE ALIBI, AND PROVIDED INSTRUMENTAL FACTS IN HIS EXCULPATORY STATEMENT THAT NEGATED FALSE ACCUSATIONS, AND RUMORS EXECUTED BY LAY WITNESSES WHO ARE PART OF THE CRIMINAL MILIEU. FOX CONCOCTED HIS OWN VERSION OF PLAINTIFFS STA- TEMENT, THEN DISPLAYED SAID STATEMENT TO PLAI- NTIFF; WHEN PLAINTIFF SHOWCASED HIS DISDAIN AND AVERSION TO THE INCULPATORY FABRICATION-CAUSED FOX TO REVEAL AN INTRICATE MURDER PLOT FOR PLAINTIFF IF HE DID'NT CONCEDE THE FABRICATION. PLAINTIFF WAS FORCED TO SIGN PAGE FOUR OF FOXS' FOUR PAGE CONCOCTION. THEREAFTER FOX FORGED PLAINTIFFS' SIGNATURE, AND INITIALS ON AN ADVICE OF RIGHTS/WAIVER FORM PROCEEDING HIS PLACEMENT IN DETENTION. FOX THEN ENTERED THE TIME PRE- CEEDING THE 'INTERROGATION TO GIVE THE APPEARANCE OF A VALID WAIVER. THEN FOX FORGED PLAINTIFFS' INITIALS ON ALL FOUR PAGES OF HIS CONCOCTION. PLAINTIFF ASCERTAINS HIS WAIVER WAS NOT KNOWINGLY

IV.

INTELIGENTLY OR VOLUNTARILY, BUT WAS DENIED HIS RIGHTS TO INVOKE COUNSEL ARBITRARILY UNDER THE TUTELAGE OF FOX, AND FAIR. SGT. FAIR SIGNED HIS NAME ON THE FABRICATED FOUR PAGE STATEMENT OF FOX'S; AND ADVICE OF RIGHTS/WAIVER FORM; AND WAS A FALSE WITNESS TO THESE ILLEGALITIES. AT OR ABOUT 12:00 AM ON NOVEMBER 8, 2011 THE PLAINTIFF WAS PLACED IN DETENTION.

# I. INTRODUCTION

COUNT ONE - IS BROUGHT PURSUANT TO 42. U.S.C $\S$ 1983 AND ALLEGES DEFFENDANT'S, FOX AND FAIR ABRIDGED PLAINTIFF'S CONSTITUTIONAL RIGHTS, WHICH PERPETUATED HIS FALSE ARREST, IMPRISONMENT, MALICIOUS PROSECUTION, AND CONSPIRACY TO PERETRATE THESE ABRIDEMENTS

COUNT TWO - ALLEGES FOX AND FAIR; DEFENDANTS WHO ARE BOTH EMPLOYED BY MEMPHIS POLICE, A TENN-ESSEE MUNICIPAL CORPORATION WHO DEVISED A PLAN TO DE-PRIVE PLAINTIFF OF HIS RIGHTS, WHO WERE ACTING UNDER THE COLOR OF STATE LAW AND WITH A RACIAL AND CLASS BASED DISCRIMINATORY ANIMUS WHICH CAUSED HIS IRREPARABLE INJURY IN THE MANIFESTATION OF FORTY-FIVE (45) MONTHS OF INCARCERATION TO BE ACQUIESCED HE; IN VIOLATION OF 42. U.S.C § 1985 (3).

COUNT THREE - ALLEGES DEFENDANT FOX PLACED IN A FALSE LIGHT THE PLAINTIFF BEFORE THE PUBLIC BY THE FACTUAL EXECUTED IN AFFIDAVIT OF COMPLAINT, AND PRESENTED DELIBERATE FALSEHOODS WITH INTENTIONS ON DECEIVING THE COURT TO PROCURE ARREST WARRANT; WHICH CONSEQUENTLY WAS SOLD TO A MEDIA OUTLET FOR PUBLICATION, AND SUBSEQUE-NTLY HE WAS SUBJECT TO AN INVASION OF PRIVICY.

PLAINTIFF AFFIRMS THAT A REASONABLE TRIER OF FACT COULD CONCLUDE THAT THE DEFENDANT KNEW THE PLAINTIFF WOULD BE HIGHLY OFFENDED BY PUBLICITY WHICH PLACED HIM IN SUCH A FALSE LIGHT. <u>COUNT FOUR DEFAMATION:</u> IS BROUGHT IN THE NAME OF PLAINTIFF ALONE AND IS BASED UPON A FOUR PAGE STATEMENT, AND ADVICE OF RIGHTS/WAIVER FORM CONSTRUED INTO A "<u>CONFESSION</u>" AD-MITTING DIFFENTIAL DEGREES OF CULPABILITY OF CRIMINAL OFFENSES. THIS "<u>CONFESSION</u>," WAS INSTRUMENTAL IN THE FINDING OF PROBABLE CAUSE - CAUSING ARREST WARRANT TO ISSUE. THESE STATEMENTS WERE FABRICATED, AND FORGED BY DEFENDANT. PLAINTIFFS' ARREST WARRANT WAS PUBLISHED IN A LOCAL MEDIA NEWS OUTLET. PLAINTIFF AFFIRMS THESE STATEMENTS WERE FALSE AND DEFAMATORY; HAS PREJUDICED HIM IN HIS PERSONAL LIFE, AND HAS AS A PROXIMATE RESULT GREATLY INJURED HIS REPUTATION, AND CHARACTER. PLAINTIFF ASCERTAINS THESE STATEMENTS WERE MADE ABSENT INNOCENT CONSTRUCTION BECAUSE THEY IMPUTED THE COMMISSION OF A CRIMINAL OFFENSE. <u>COUNT FIVE: EMOTIONAL DISTRESS</u> - IS BROUGHT IN THE NAME OF PLAINTIFF ALONE AND INVOLVES THE SAME STATEMENTS UNDERLYING THE FALSE LIGHT COUNT.

VI.

PLAINTIFF AFFIRMS THE DEFENDANTS CONDUCT IN EX-ECUTING AN FALSE AFFIDAVIT, THEN SUBMITTING SAID DO-CUMENT FOR LOCAL NEWS MEDIA OUTLET WAS EXTREME AND OUTRAGEOUS; DONE WITH RECKLESS DISREGARD OF THE PRO-BABILITY OF CAUSING EMOTIONAL DISTRESS TO PLAINTIFF; AND THAT HE DID IN FACT SUFFER SEVERE EMOTIONAL DISTRESS AS A PROXIMATE RESULT OF THE DEFENDANTS CONDUCT.

## COUNT. I. FALSE IMPRISONMENT

### B. FINDINGS OF FACT

[1] AT OR ABOUT 12:00 AM PLAINTIFF WAS PLACED IN DETE NTION ON NOVEMBER 8, 2011. AT 12:59 AM FOX EXECUTED A[N] "48-HOUR HOLD" FOR THE SOLE PURPOSE OF CONDUCT-ING FURTHER INVESTIGATION TO JUSTIFY THE ILLEGAL ARREST OF PLAINTIFF; THIS POLICY HAS BEEN RULED UNCONSTITUTIONAL AS IN "COUNTY OF RIVERSIDE V. MCLAUGHLIN" [500. U.S. 111 S.CT 1661]. THE ADDITIONAL EVIDENCE NEEDED TO JUSTIFY THE ARREST OF PLAINTIFF IS THE "CONFESSION," FABRICATED, AND SUBMITTED BY FOX. AT OR ABOUT 9:00 AM. PLAINTIFF WAS INFORMED OF CHARGES AGAINST HIM.

## COUNT. I. MALICIOUS PROSECUTION

### C. FINDINGS OF FACT

[1] ON JANUARY 25, 2012, PLAINTIFF'S PRELIMINARY HEARING WAS HELD AFTER TWO RESETS; DURING WHICH THE VICTIM

VII.

WAS UNABLE TO POSITIVELY IDENTIFY PLAINTIFF AS PERPETRATOR OF CRIMES AGAINST HER, OR HER PROPERTY. SO THE DEFENDANT FOX TESTIFIED THAT THE PLAINTIFF "CONFESSED", TO SAID CRIMES AFTER HE WAIVED HIS RIGHTS. PLAINTIFF ASCERTAINS THIS STATEMENT WAS MADE WITH WITH UTTER AND RECKLESS DISREGARD FOR TRUTH. CONSEQUENTLY PLAINTIFF WAS BOUND OVER AND HELD FOR GRAND JURY ACTION. [2] ON NOVEMBER 8, 2011 AT OR ABOUT 4:17 P.M THE DEFENDANT FOX APPEARED BEFORE JUDICIAL COMMISSIONER RHONDA HARRIS SEEKING A FORMAL CHARGING INSTRUMENT TO DETAIN PLAINTIFF – HE PRESENTED DELIBERATE FALSEHOODS WITH INTENTIONS ON DECEIVING THE COURT; WHICH WAS INSTRUMENTAL IN CAUSING WARRANT TO ISSUE – CONSEQUENTLY PLAINTIFF WAS CHARGED WITH CRIMINAL OFFENSES. [3] ON NOVEMBER 15, 2011 AT OR ABOUT 4:02 P.M THE DEFENDANT RETRIED SALIVA SAMPLES FROM PLAINTIFF – THESE WERE PROCURED WITHOUT PLAINTIFF BEING INFORMED OF HIS CONSTITUTIONAL RIGHT TO REFUSE UNDER DUE PROCESS OF LAW. SUBSEQUENTLY FOX FORGED PLAINTIFFS' SIGNATURE ON THE D.N.A. RELEASE FORM AS WELL.

VIII.

PLAINTIFF AVERS THERE WAS NO PROBABLE CAUSE FOR THE DEFENDANT[S] ACTIVITY IN PROCURING HIS ARREST AND THE SUBSEQUENT BINDING OVER FOR GRAND JURY ACTION. THIS WAS THE RESULT OF A JUDGEMENT IMPROPERLY OBTAINED, AND WAS THE RESULT OF ACTS OF MALICE FRAUD, PERJURY, AND OPPRESSION ON THE PART OF THE DEFENDANT[S] WHICH HAD THE EFFECT OF DEPRIVING THE PLAINTIFF OF AN OPPORTUNITY TO BE HEARD ON HIS OWN BEHALF - THIS REBUTS THE PRIMA FACIE PROBABLE CAUSE ARISING FROM THE FACT HE WAS INDICTED BY THE GRAND JURY.

COUNT I. CONSPIRACY

D. FINDINGS OF FACT

[1] IS BROUGHT IN THE NAME OF PLAINTIFF, AND INVOLVES THE SAME STATEMENTS UNDERLYING THE FALSE ARRESTS AND IMPRISONMENT COUNTS. THE CONSPIRATORIAL OBJECTIVES OF DEFENDANT[S] WHO WERE OPERATING UNDER THE COLOR OF STATE LAW ABSENT PROBABLE CAUSE, AND GOOD FAITH DEVISED A PLAN TO DEPRIVE HIM OF HIS RIGHTS WHICH CAUSED HIM TO SUFFER AN IRREPARABLE INJURY OF - 45 - MONTHS OF INCARCERATION.

IX.

COUNT II          CONSPIRACY     1985(3)

A. FINDINGS OF FACT

[1]. COUNT II IS BROUGHT IN THE NAME OF PLAINTIFF ALONE AND INVOLVES THE SAME STATEMENTS UNDERLYING THE SAME ELEMENTS OF FALSE ARREST, AND IMPRISONMENT ALSO CONSPIRACY UNDER COUNT I, WHERE DEFENDANT[S] ACTED WITH A CLASS BASED DISCRIMINATORY ANIMUS, AND WAS MOTIVATED BY THEIR OWN MALEVELONT AGENDAS TO INJURE, OPPRESS, AND INTIMIDATE PLAINTIFF. BOTH DEFENDANTS ARE EMPLOYED BY THE MEMPHIS POLICE; A TENNESSEE MUNICIPAL CORPORATION WHO ACTED OUTSIDE THE SCOPE OF THEIR EMPLOYMENT.

## DAMAGES

PLAINTIFF SEEKS THE FOLLOWING RELIEF: [1] A DECLARATORY JUDGEMENT THAT THE DEFENDANT[S] ACTIONS, POLICIES, AND POLICIES THAT ARE UTILIZED BY POLICE-DENIED PLAINTIFF OF HIS RIGHTS UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. [2]. AN ORDER PERMANATELY ENJOINING DEFENDANT[S], THEIR EMPLOYEES AND ALL PERSONS ACTING IN CONCERT WITH THEM FROM SEARCHING, QUESTIONING AND/OR DETAINING SUSPECTS WITHOUT PROBABLE CAUSE IN MEMPHIS, TENNESSEE

X.

BASED ON RUMORS OR MERE SUSPICION. [3] AN ORDER COMPELLING THE DISTRICT ATTORNEY TO TAKE PROMT, APPROPRIATE, AND EFFECTIVE CORRECTIVE MEASURES. . . . TO PREVENT ANY "48-HOUR HOLD POLICY", SIMILIAR PATTERNS OR PRACTICE THAT ENCOURAGE, TEACH, TRAIN AND/OR CONDONE ARRESTS, SEARCHES, AND OTHER LAW ENFORCEMENT ACTION FOR THE SOLE PURPOSE OF CONDUCTING FURTHER INVESTIGATION TO JUSTIFY THE ARREST OF A[N] SUSPECT.

[4] AN ORDER DIRECTING THE MEMPHIS POLICE TO IMPLEMENT A DISCIPLINARY SYSTEM TO PUNISH THOSE WHO CONTINUE TO ENGAGE IN OR CONDONE ARRESTS, OR OTHER LAW ENFORCEMENT ACTION FOR THE SOLE PURPOSE OF CONDUCTING FURTHER INVESTIGATION TO JUSTIFY THE ARREST OF A[N] SUSPECT. [5]. COMPENSATORY, PUNITIVE, AND TREBLE DAMAGES AS WELL AS DAMAGES ALLOWED UNDER 42. U.S.C.A. §§ 1983, 1985 [6]. REASONABLE FEES, AND COURT COSTS; EXPENSES UNDER 42 U.S.C. § 1988 AND [7] ANY OTHER AWARD, EQUITABLE OR PROSPECTIVE INJUNCTIVE RELIEF ALLOWED BY STATUTE, OR PURSUANT TO THE EQUITABLE POWER OF THE COURT.

XI.

RESPECTFULLY SUBMITTED,

_Demond Donerson_

**[P. 7]**

PLAINTIFF EMPHASIZES THE PURPOSE AND INTENT BEHIND THE VIOLATIONS WERE INVESTIGATORY IN BOTH DESIGN AND EXECUTION. **[P. 3]** CONSIDERING THE TOTALITY OF CIRCUMSTANCES URGED BY THE PLAINTIFF, AND DESCRIBED UNDER COUNTS I, AND, II OF THE <u>FINDINGS OF FACT</u> STATED SIMPLY DO NOT ALLOW ANY OTHER THAN A NEGATIVE ANSWER TO THIS CRITICAL QUESTION: AT THE MOMENT OF ARREST ON TWO SEPERATE DAYS, WERE THERE SITUATIONS AND CIRCUMSTANCES WITH IN DETECTIVES FOX AND FAIR, AND OF WHICH THEY HAD REASONABLY TRUSTWORTHY INFORMATION SUFFICIENT TO WARRANT PRUDENT MEN IN BELIEVING THE PLAINTIFF HAD COMMITTED OR IS

COMMITTING AN OFFENSE ??? PLAINTIFF DECLARES HE WAS NOT GUILTY OF ANY FELONY OR BREACH OF THE PEACE, AND NO CIRCUMSTANCES EXISTED AT THOSE TIMES WHICH WOULD REASONABLY SHOW HE COMMITTED AN OFFENSE AGAINST THE LAW - AND NO PROBABLE CAUSE FOR BOTH OF HIS ARREST[S] EXISTED

**PAGE [8]**

ON MAY 4, 2012 THE PLAINTIFF'S D.N.A. PROFILE WAS RETURNED FROM STATE CRIME LAB, AND WAS EXCLUDED AS DONOR OF GENECTIC MATERIAL FOUND AT VICTIMS' HOME WHERE CRIMES TOOK PLACE - BUT FROM A[N] UNIDENTIFIED MALE INDIVIDUALS' BLOODY FINGERPRINTS.

XII.

AMENDED, I

THE "48-HOUR-HOLD" POLICY HAS BEEN RULED AND CONDEMNED AS <u>UNCONSTITUTIONAL</u> IN <u>STATE V. LARICO S. FICKLIN</u> TN. APP COURT AUG 27, 2001 JACKSON, TN <u>STATE V. BISHOP</u> [W2010-01207-CCA R3-CD] OCT 4, 2011 MARCH 14, 2012. <u>STATE V. KALVIN RUSH</u> [W2005-02809-CCA R3-CD] WHOSE PROBABLE CAUSE DETERMINATION WAS WITHELD UNREASONABLY FOR "INVESTIGATORY PURPOSES." PETITIONER PRAYS: THAT THE UNDERLYING CONTENT-IONS TRANSCRIBED IN THIS SUIT WILL BE ADJUDICA-TED UPON WITH DUE DILIGENCE, AND THE UTMOST RESPECT WITHIN ACCORDANCE TO THE LAW; FOR SUCH OTHER RELIEF BOTH GENERAL AND SPECIFIC TO TO WHICH THE PETITIONER MAYBE ENTITLED WHICH IS NECESSARY TO SERVE THE ENDS OF JUSTICE.

RESPECTFULLY SUBMITTED,

XIII.

## CERTIFICATE OF SERVICE

I, DEMOND DONERSON, UNEQUIVOCALLY AND POSITIVELY RE-PRESENT THE FACTS, AS DISCLOSED IN THIS PETITION FOR A SUIT @ LAW FOR VIOLATION OF CIVIL RIGHTS ACT UNDER 42 USCA § 1983, AS TRUE, AND CORRECT THE FORGOING HAS BEEN MAILED TO THE OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT 242. FEDERAL BUILDING NORTH MAIN ST. THIS 2ND DAY OF SEPT 2015, AND PLACED IN THE JAIL MAILING SYSTEM, DECLARATION HAS BEEN MADE UNDER THE PENALTY OF PERJURY

SWORN TO AND SUBSCRIBED BEFORE ME THIS 2nd DAY OF September 2015

NOTARY PUBLIC

MY COMMISSION EXPIRES

4/7/2019

TAMELA L. HAYES
STATE OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY
MY COMMISSION EXPIRES 4-7-2019

XIV.